In the

# United States Court of Appeals

### For the Seventh Circuit

No. 17-2818

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEMARREL T. JONES, also known as
ROOSEVELT TUCKER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:16-cr-00179-PP-1 — **Pamela Pepper**, *Judge.*

ARGUED FEBRUARY 22, 2018 — DECIDED MAY 9, 2018

Before BAUER, EASTERBROOK, and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.* Demarrel Jones was convicted of unlawfully possessing a firearm as a felon. Prior to trial, the district court granted a motion in limine to preclude cross-examination of Officer Anthony Milone in regard to his testimony in *United States v. Brantley*, 282 F. Supp. 3d 1069

(E.D. Wis. 2017), where both the magistrate and district court judge did not find his testimony accurate. Jones moved for a new trial on grounds of improper vouching during the prosecutor's rebuttal and a violation of his Sixth Amendment right by precluding the judicial evaluation of Officer Milone's testimony in *Brantley.* The district court denied the motion and he now appeals on the same grounds.

## I. BACKGROUND

On appeal, Jones argues that the district court's limitation on Jones' cross-examination of Milone deprived him of his Sixth Amendment right to confrontation and thus, his right to a fair trial. He further argues that the government exacerbated the district court's error through prosecutorial misconduct of vouching for Officer Milone in its rebuttal argument.

At trial, this case hinged on the credibility of Officer Milone. The relevant events unfolded as follows. Around 12:30 a.m. on August 9, 2016, while standing with a group of men, Jones took off running as three patrol officers in an unmarked police car approached the group. Officers Milone and Dillman exited the car and pursued Jones. Identifying themselves as police officers, they ordered Jones to stop, but he refused. At trial, Officer Milone testified that, through the use of a flashlight, he observed Jones holding the front right portion of his waistband while running. During their pursuit, Officer Milone claimed that he observed Jones reach into his pocket, grab a firearm, and throw it over a fence. Officer Dillman stated that he heard the sound of the gun hitting the ground. After the pursuit, a gun was recovered behind the same fence.

A federal grand jury returned a one-count indictment against Jones charging him with unlawful possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Before trial, the government filed a motion in limine to preclude cross-examination of Officer Milone based on testimony he gave in an evidentiary hearing in *Brantley*. This testimony pertained to his recollection of an armed robbery investigation, and his observations of the defendant from about eighty feet away.

The magistrate judge in *Brantley* concluded that he did not believe Officer Milone was able to identify the subject from this distance. The magistrate judge relied on the squad video and photographs showing the amount of light outside at the time of the identification, as well as the investigator's testimony that she was unable to see anything from the same location as Officer Milone. In so finding, the magistrate judge emphasized that he was not suggesting that Officer Milone testified untruthfully, but rather that his testimony reflected an inaccurate recollection of the sequence of events. The district court later concluded the same.

The district court in Jones' case granted the government's motion in limine, stating that the magistrate judge did not find Officer Milone untruthful, and thus, testimony about details from *Brantley* would prove unduly prejudicial.

Trial commenced and during closing arguments, defense counsel commented on the general state of prison and the likelihood of innocent people sitting in prison today. Counsel also strayed into comments about shootings by police across

the country. The prosecutor rebutted, amongst other com-
ments, as follows:

> The defense suggests that Officers Milone and
> Dillman essentially sat in that chair, under oath,
> and told you something less than the truth in
> this matter. Now, they're Officers of the Mil-
> waukee Police Department and their currency
> is their reputation, and in this particular case if
> their currency is their reputation then -- and if
> Mr. Jones is someone they believe has commit-
> ted a crime, if what the Defense says is true, that
> the officers were less than truthful, then why
> stop at one officer saying "I saw him throw it
> over?" Why not, why didn't both officers come
> in and say "Yes, we both had our flashlights
> trained on the Defendant. Yes, we both saw him
> throw it over the fence. Yes, we had on our body
> cameras but they were absolutely defective."
> Why not that extra mile? I think it strains credu-
> lity and common sense in this case to believe
> that the Officers (sic) came in here and were
> anything less than truthful.

Defense counsel objected to this last sentence, but the judge
overruled this objection. The prosecutor then asked the jury to
put themselves in the shoes of the residents where the defen-
dant was arrested. Defense counsel objected, and the judge
sustained, giving the jury proper curative instructions. The
jury also received opening and closing instructions that the
lawyers' arguments were not evidence and that they must

decide the case only on the evidence. After three hours of deliberation, the jury found Jones guilty.

On June 16, 2017, Jones filed a motion for a new trial based on two grounds: prosecutorial misconduct for improper vouching and a Sixth Amendment violation for precluding cross-examination of Officer Milone about *Brantley*. The judge denied this motion on both grounds and imposed a sentence of 48 months' imprisonment. Jones then timely filed an appeal.

## II. ANALYSIS

### A. Cross-Examination of Officer Milone

Jones argues the district court deprived him of his Sixth Amendment rights in denying him the opportunity to cross-examine Officer Milone about his testimony in *Brantley* and the magistrate judge's findings about his testimony. A district court is afforded "broad discretion to permit or exclude cross-examination." *United States v. Abair*, 746 F.3d 260, 269 (7th Cir. 2014). Appellate review of a district court's decision to limit the scope of cross-examination is deferential, thus we review only for an abuse of discretion. *Id.* Only if the Sixth Amendment right to confrontation is implicated do we review *de novo*. *United States v. Holt*, 486 F.3d 997, 1001 (7th Cir. 2007). In practice, this means "close cases are resolved in favor of upholding the judge's exercise of discretion to control the admission of evidence at trial; reversal is appropriate only if no reasonable judge would make the same decision." *Abair*, 746 F.3d at 269.

The Sixth Amendment's Confrontation Clause guarantees two protections to a criminal defendant: the right to physically

confront and, relevant here, to cross-examine witnesses testifying against him. *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987). A violation of this right occurs when a defendant is not afforded "the opportunity to show that a witness is biased, or that the testimony is exaggerated or unbelievable." *Id.* at 51–52. However, this right does not provide "an unlimited right to pursue *any* subject on cross-examination." *Searcy v. Jaimet*, 332 F.3d 1081, 1090 (7th Cir. 2003). "Trial judges retain wide latitude … to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

Federal Rule of Evidence 608 governs the admissibility of evidence of a witness's character or conduct. Rule 608(b) states, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness … ." Fed. R. Evid. 608(b). In determining whether evidence of a specific instance is admissible under 608(b), we turn to Rule 403. *Thompson v. City of Chicago*, 722 F.3d 963, 977 (7th Cir. 2013). Rule 403 allows a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing of issues, [or] misleading the jury … ." Because we do not find an implication of Jones' Sixth Amendment rights, we review the district court's decision for an abuse of discretion.

Even if the district court had allowed Jones to attack Officer Milone on cross about his credibility in relation to his testimony in *Brantley*, the defense would not have been able to solicit an answer that any judge had previously found that Officer Milone had lied, been untruthful, or purposely misled a jury in prior testimony. Both judges that ruled in *Brantley* indicated they did not find Officer Milone to have lied, been untruthful, or misleading with his testimony. Rather, the line of questioning Jones would have had to use would have been about the specific facts Officer Milone testified to in the *Brantley* case. This line of questioning would have taken the trial testimony on an irrelevant tangent that would likely have confused the jury as to the information relevant to their own determination as to the charges against Jones. Furthermore, the probative values would have been substantially outweighed by the danger of unfair prejudice and confusion of the issues, thus the court appropriately excluded it. Accordingly, we find the district court did not abuse its discretion in prohibiting Jones from cross-examining Officer Milone about credibility findings in *Brantley*.

## B.  Prosecutor's Statements in Rebuttal

Jones next contends the district court erred in denying a new trial due to the prosecutor improperly vouching for Officer Milone's credibility in her rebuttal argument. "We review for abuse of discretion a district court's denial of a new trial based on alleged prosecutorial misconduct." *United States v. Bloom*, 846 F.3d 243, 254 (7th Cir. 2017). In making such a determination, we must first "determine whether the prosecutor's conduct was improper in itself." *Id.* If it was, we must then determine, in light of the whole record, whether the

defendant was denied a fair trial because of the improper
conduct. *Id.* We turn to the following five factors when
reaching such a determination: "(1) the nature and seriousness
of the misconduct; (2) the extent to which the comments were
invited by the defense; (3) the extent to which any prejudice
was ameliorated by the court's instruction to the jury; (4) the
defense's opportunity to counter any prejudice; and (5) the
weight of the evidence supporting the conviction." *United
States v. Bowman*, 353 F.3d 546, 550 (7th Cir. 2003). Though not
impossible, improper statements made in closing arguments
rarely constitute reversible error. *United States v. Philpot*, 733
F.3d 734, 745–46 (7th Cir. 2013).

Impermissible vouching occurs when a prosecutor ex-
presses her personal belief in the truthfulness of a witness, or
when a prosecutor implies that facts not in evidence lend to a
witness's credibility. *United States v. Wolfe*, 701 F.3d 1206, 1212
(7th Cir. 2012). However, a comment about a witness's credibil-
ity that "reflects reasonable inferences from the evidence
adduced at trial rather than personal opinion" are permissible.
*Id.* (quoting *United States v. Nunez*, 532 F.3d 645, 654 (7th Cir.
2008)).

Jones argues the prosecutor improperly vouched for
Officer Milone's credibility in her rebuttal when she stated that
the officers' "currency is their reputation," that, "I think it
strains credulity and common sense" to not believe the officers.

Although this was not an ideal use of words, we do not find
the prosecutor improperly vouched for the officers' credibility.
As the district court noted, nothing the prosecutor said brought
in outside evidence or spoke to her personal belief in the

truthfulness of Officer Milone. Rather, she invited the jury to use common sense in drawing a conclusion about Officer Milone's credibility and buffered this statement with her credibility argument. While she used the phrase "I think," it was in context of encouraging the jury to use their common sense, not in context of drawing a conclusion from the evidence for the jury. We will admit that this statement was dangerously close to improper vouching, however we agree with the district court's conclusion and do not believe the prosecutor's statements amounted to reversible error.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's findings.